**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**March 16, 2021**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2019AP1677**

STATE OF WISCONSIN

Cir. Ct. No. 2004CF2380

**IN COURT OF APPEALS**
**DISTRICT I**

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

LAWRENCE C. PAINE

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: JEFFREY A. WAGNER, Judge. *Affirmed.*

Before Brash, P.J., Donald and White, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Lawrence C. Paine appeals the circuit court order denying his postconviction motion. Paine argues that he presents newly

discovered evidence that requires a new trial or evidentiary hearing. In the alternative, Paine argues that postconviction counsel provided ineffective assistance of counsel by not previously arguing that trial counsel was ineffective on these grounds. Finally, Paine argues that the real controversy was not fully tried; therefore, he requests this court grant him a new trial under WIS. STAT. § 752.35 (2019-20).[1] We disagree, and accordingly, affirm the circuit court.

## BACKGROUND

¶2 In July 2005, a jury found Paine guilty of two counts of first-degree intentional homicide for the deaths of Janari Saddler and Aaron Harrington on April 10, 2004, in Milwaukee, Wisconsin.[2] Paine's initial jury trial in February 2005 was declared a mistrial after the jury was found to be hopelessly deadlocked. On retrial, Paine was convicted and the trial court sentenced Paine to two counts of life in prison without eligibility for release on extended supervision.

¶3 Paine's first motion for postconviction relief pursuant to WIS. STAT. § 974.06 alleging ineffective assistance of trial counsel was denied in October 2006. On appeal, we reversed and remanded for a *Machner*[3] hearing. *See State v. Paine* (*Paine I*), No. 2006AP2634-CR, unpublished slip op. (November 6, 2007). After two days of hearings on the ineffective assistance of counsel claims in June

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2] Paine's initial trial and retrial were each conducted by the Honorable David Hansher; we refer to him as the trial court. Paine's first postconviction motion was heard by the Honorable Jeffrey A. Kremers. Paine's 2008 *Machner* hearing and his current postconviction motion, which underlies this appeal, were heard by the Honorable Jeffrey A. Wagner; we refer to him as the circuit court.

[3] *State v. Machner*, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

and July 2008, the circuit court denied Paine's requested postconviction relief. On appeal, we affirmed Paine's judgment of conviction and the circuit court order denying his claims considered in the **Machner** hearing. *See* **State v. Paine** (**Paine II**), No. 2008AP2307-CR, unpublished slip. op. (November 24, 2009). We recount the facts relevant to this appeal; however, additional facts are available in our prior decisions.

¶4  Paine argued in his current motion for postconviction relief that newly discovered evidence "supports his innocence, or at the very least, ineffective assistance of counsel." Paine asserted that (1) Ronald Q. Terry was present at the scene of the double homicide, as shown in the State's DNA report presented at trial; (2) Terry was arrested six months after the double homicide in a drug bust during which the police recovered a Ruger P85 firearm—that Paine later had tested—which had rifling characteristics similar to the unrecovered weapon used in the double homicide; and (3) after Terry's arrest, he intimidated a neighbor who was a potential trial witness for the double homicide. Paine argued that if this evidence, which connects the double homicide to Terry, had been presented to the jury, the jury may have had reasonable doubt about Paine's guilt. We summarize Paine's newly discovered evidence below.

¶5  Paine's first contention is that Terry's DNA was found at the double homicide crime scene. The State Crime Laboratory report analyzed the DNA samples found at the crime scene and produced a report that was dated June 30, 2004. The report showed that Terry's DNA was found at the crime scene on a soda can, beer bottle, and a cigarette butt, but the sample of Paine's DNA did not match any of the crime scene samples.

3

¶6     Paine's second contention is in regards to the similarities between the unknown firearm used in the double homicide and a firearm recovered when Terry was arrested.  The State Crime Laboratory examiner determined that the firearm used to commit the double homicide was a Sturm Ruger semiautomatic pistol that took nine-millimeter Luger caliber ammunition and the rifling had "six lands and grooves with a right-hand twist."  Approximately six months after the double homicide, Milwaukee police conducted a drug bust during which Terry was arrested.  In addition to recovering quantities of controlled substances, the police recovered a black Ruger P85 nine-millimeter Luger caliber firearm.  In November 2004, the State Crime Laboratory tested[4] the recovered Ruger P85 firearm and compared it against six fired nine-millimeter Luger caliber cartridge cases recovered in the double homicide and concluded that none of the evidence collected at the double homicide had been fired from the recovered firearm.  Paine points out that the full report from the State Crime Laboratory was never released to him.[5]

¶7     The recovered Ruger P85 was returned to its legal owner in March 2005.  In June 2018, the legal owner allowed Paine to have bullets fired in the recovered firearm tested by a forensics examiner.  In the forensics report, the examiner determined the bullets "were fired from a barrel rifled with six (6) lands and grooves with a right twist."  The report included a list of over 130 models of

---

[4] Because a firearm was not recovered from the double homicide, the State Crime Laboratory report suggested "that any 9mm caliber firearm recovered concerning direct investigative leads to this case" should be sent to the State Crime Laboratory for comparison with the collected evidence.

[5] The State refused to provide postconviction discovery of this report because it did not meet the standard set forth in *State v. O'Brien*, 223 Wis. 2d 303, 321, 588 N.W.2d 8 (1999).  We offer no opinion on the State's position with regards to Paine's rights to postconviction discovery.

nine-millimeter "Luger caliber firearms that exhibit general rifling characteristics like those present on the" submitted bullets; the Ruger P85 was among the models on the list.

¶8    Paine's third connection is that after Terry was arrested in the drug bust, Paine alleges Terry intimidated S.R., who lived downstairs from the house where the double homicide took place and who told police she heard gunshots that night. In February 2005, Milwaukee police served a subpoena on S.R. for the purpose of serving as a witness in Paine's first jury trial. When the police explained their purpose to S.R., "she was immediately upset, crying and shaking and indicated that she was fearing for her safety and was afraid to come to court." S.R. explained that after the drug bust in October 2004, she received a call from jail from an individual identified as Q (whom the police identified as Terry) who wanted to know what she witnessed during the double homicide. S.R. indicated that she was intimidated by Terry, even if "he did not mention threats, she felt that something could happen to her" if she cooperated with the police.

¶9    The February 2005 police report also included a statement from S.R. that after Terry was released from jail, around Thanksgiving 2004, Terry approached S.R. at her mother's house and drove her to another house, where she saw multiple individuals displaying weapons. Although none of the weapons were pointed at her, S.R. was fearful and left the house. S.R. requested police protection during her meeting with the police.[6]

---

[6] Although S.R. appeared on both the State and Paine's witness lists for the initial and final trial, the record does not show that she was called to testify.

¶10    Paine's alternative argument was that to the extent that defense counsel had an obligation to investigate and present the evidence that was unknown to the jury, his postconviction counsel provided ineffective assistance by not arguing trial counsel's ineffectiveness in his earlier motion.

¶11    In June 2019, the circuit court issued a written decision denying Paine's current postconviction motion without a hearing, adopting the State's brief in total. This appeal follows. Additional facts are included in the opinion as necessary.

## STANDARD OF REVIEW

¶12    "Whether a defendant's postconviction motion alleges sufficient facts to entitle the defendant" to an evidentiary hearing is a mixed question of fact and law. *State v. Allen*, 2004 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433. If the WIS. STAT. § 974.06 motion alleges facts that would entitle the defendant to relief, "the circuit court has no discretion and must hold an evidentiary hearing." *State v. Bentley*, 201 Wis. 2d 303, 310, 548 N.W.2d 50 (1996). "Whether a motion alleges facts which, if true, would entitle a defendant to relief is a question of law that we review *de novo*." *Id.* (emphasis added).

¶13    The postconviction motion must specifically allege within its four corners material facts answering the questions who, what, when, where, why, and how the movant would successfully prove at an evidentiary hearing that he or she is entitled to a new trial. *Allen*, 274 Wis. 2d 568, ¶23; *see also State v. Love*, 2005 WI 116, ¶27, 284 Wis. 2d 111, 700 N.W.2d 62. "[I]f the motion does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief," the trial court has discretion to deny a postconviction motion

without a hearing. *Allen*, 274 Wis. 2d 568, ¶9. We review the circuit court's decision to deny an evidentiary hearing under the erroneous exercise of discretion standard. *See id.*

## DISCUSSION

¶14 Paine argues this court has multiple grounds upon which to grant him postconviction relief. First, he argues that he proffers newly discovered evidence that was not presented to the jury and that entitles him to a new trial or, at minimum, an evidentiary hearing. Second, Paine argues that, in the alternative, postconviction counsel rendered ineffective assistance of counsel by not arguing trial counsel's ineffectiveness on these grounds in the previous motion. Finally, Paine argues that the controversy has not been fully tried; therefore, we should grant him a new trial in the interest of justice. All of these arguments, however, fail to show that Paine is entitled to postconviction relief.[7]

### I. *Newly discovered evidence*

¶15 Paine argues that the jury did not hear evidence that (1) Terry's DNA was found at the crime scene while Paine's was not found; (2) a firearm found in October 2004 when Terry was arrested in a drug bust matched the characteristics of the firearm implicated in the double homicide; and (3) a witness reported to the police that she was intimidated by Terry over her potential

---

[7] Paine separately argues that based on his newly discovered evidence claims and his ineffective assistance of counsel claims he has alleged sufficient material facts to be entitled to an evidentiary hearing under *State v. Allen*, 2004 WI 106, ¶¶9, 23, 274 Wis. 2d 568, 682 N.W.2d 433. As this is contained in the general framework for review of WIS. STAT. § 974.06 postconviction motions, we decline to address this separately and instead consider it within his requests for relief.

testimony about the double homicide. Paine asserts this evidence satisfies the newly discovered evidence standard. We disagree.

¶16    "In order to set aside a judgment of conviction based on newly[]discovered evidence, the newly[]discovered evidence must be sufficient to establish that a defendant's conviction was a 'manifest injustice.'" *State v. Plude*, 2008 WI 58, ¶32, 310 Wis. 2d 28, 750 N.W.2d 42 (citation omitted). A postconviction motion must establish by clear and convincing evidence that: "(1) the evidence was discovered after conviction; (2) the defendant was not negligent in seeking evidence; (3) the evidence is material to an issue in the case; and (4) the evidence is not merely cumulative." *Love*, 284 Wis. 2d 111, ¶43 (citation omitted). If these factors are proven, the trial court must then determine "'whether a reasonable probability exists that a different result would be reached in a trial.'" *Id.*, ¶44 (citation omitted). We review the circuit court's decision to grant or deny a motion for a new trial based on newly discovered evidence under the erroneous exercise of discretion standard. *See Plude*, 310 Wis. 2d 28, ¶31.

¶17    When we examine Paine's claims, two of them do not satisfy the first prong of the newly discovered evidence standard because the evidence was not discovered after conviction. The State Crime Laboratory report that showed that Terry's DNA was found at the crime scene and Paine's was not found there was dated June 30, 2004. The police report about allegations that Terry intimidated S.R. was dated February 6, 2005. That means the information in these reports existed and was known prior to Paine's trial in June 2005. Because neither satisfy the first prong, we have no need to analyze the other prongs of the newly discovered evidence standard and we conclude that this evidence does not constitute newly discovered evidence.

¶18    Paine's other proffered evidence is the independent forensics report on the firearm recovered during Terry's arrest (the 2018 Report). Although the firearm was found in October 2004, analyzed by the State Crime Laboratory in November 2004, and returned to its legal owner in March 2005, Paine did not have the firearm analyzed until June 2018. The delay in creating the report demonstrates Paine's failure to satisfy the second prong, showing that he was not negligent in seeking this evidence prior to trial.

¶19    The 2018 Report is evidence based on the original for which Paine has developed a new appreciation of its importance. The creation of this report refocused Paine's attention on the original crime lab report. "'Newly discovered evidence' does not include a new appreciation of the importance of evidence previously known but not used." *State v. Bembenek*, 140 Wis. 2d 248, 256, 409 N.W.2d 432 (Ct. App. 1987) (citations omitted). We determine *de novo* whether postconviction evidence presented by a defendant is excluded from consideration as newly discovered evidence based on an assessment "only of the nature of the proffered item, and not of the facts surrounding its discovery, the defendant's diligence, or the item's materiality to issues in the case." *State v. Fosnow*, 2001 WI App 2, ¶12, 240 Wis. 2d 699, 624 N.W.2d 883. Here, the 2018 Report on the recovered firearm was based on facts known and evidence available prior to Paine's trial and conviction. The report shows that the recovered firearm has a similar rifling pattern to the casings and bullets recovered from the double homicide. We conclude that this report states a new opinion about existing evidence and therefore, is newly appreciated evidence and does not satisfy the newly discovered evidence standard. Therefore, none of Paine's assertions are

newly discovered evidence.[8] Accordingly, the circuit court did not erroneously exercise its discretion when it denied Paine a new trial based on newly discovered evidence.

¶20 On Paine's request for an evidentiary hearing on the same facts, Paine alleges that he has proffered sufficient material facts to satisfy the "who, what, when, where, why, and how" tests required for postconviction relief. *See Allen*, 274 Wis. 2d 568, ¶23. Our review of the record does not support Paine's argument. Paine presents no facts that put the recovered firearm directly in Terry's possession. The 2018 Report shows only that the rifling characteristics are similar—similarities shared by over 130 different firearm models. Paine alleges that Terry intimidated S.R. because he was afraid that the recovered firearm would connect him to the double homicide; however, there are insufficient facts in the record to support Paine's theory about Terry's motivations. We conclude that the circuit court appropriately exercised its discretion to deny Paine's claims without an evidentiary hearing because the facts he proffers are conclusory and insufficiently material.

¶21 Paine asserts that with his proffered newly discovered evidence, he could show that Terry had a "legitimate tendency" to have committed the crime and Paine could raise a third-party perpetrator defense under *State v. Denny*, 120 Wis. 2d 614, 623, 357 N.W.2d 12 (Ct. App. 1984). We decline to consider this issue on procedural grounds because Paine has not raised this argument until this

---

[8] Additionally, we note that Paine renews his arguments that his alibi is bolstered by additional claims of newly-discovered evidence regarding issues raised at trial. However, Paine fails to develop a legal argument or provide legal authority for the information he imparts. We decline to review inadequately briefed arguments and arguments made without legal authority. *State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992).

appeal. "[A] party seeking reversal may not advance arguments on appeal which were not presented to the trial court." *State v. Rogers*, 196 Wis. 2d 817, 826, 539 N.W.2d 897 (Ct. App. 1995). Therefore, we do not address this claim.

## II. Ineffective assistance of counsel

¶22 Paine argues that appellate counsel provided ineffective assistance by failing to argue that trial counsel was ineffective. However, he fails to address the procedural framework of successive WIS. STAT. § 974.06 motions. A criminal defendant must raise all available claims in the "original, supplemental, or amended motion" for relief. *See* § 974.06(4); *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 181, 517 N.W.2d 157 (1994). Serial postconviction proceedings are procedurally barred unless the defendant offers a sufficient reason why the claims presented in the latter proceedings were not previously raised in a prior postconviction motion or appeal. *See State v. Romero-Georgana*, 2014 WI 83, ¶35, 360 Wis. 2d 522, 849 N.W.2d 668. Whether a person has alleged a sufficient reason to avoid the procedural bar imposed by § 974.06 is a question of law that we review *de novo*. *See State v. Kletzien*, 2011 WI App 22, ¶16, 331 Wis. 2d 640, 794 N.W.2d 920.

¶23 Although Paine did not specifically address his reason to bring the current postconviction motion within his motion as required, *see Allen*, 274 Wis. 2d 568, ¶23, we acknowledge that ineffective assistance of counsel may be a sufficient reason to raise a successive postconviction motion. *State v. Balliette*, 2011 WI 79, ¶62, 336 Wis. 2d 358, 805 N.W.2d 334. To demonstrate that appellate counsel was ineffective, a defendant must satisfy the familiar two-prong test by showing that counsel performed deficiently and that the deficiency prejudiced the defense. *See id.*, ¶¶21, 63. When a defendant alleges that

postconviction counsel was ineffective for failing to bring a claim that should have been previously raised , proof of deficiency requires a showing that the claim not raised was "clearly stronger" than the claims counsel actually raised. *See Romero-Georgana*, 360 Wis. 2d 522, ¶¶43-46.[9] We may consider either deficiency or prejudice first, and if one is unproven, we need not address the other. *See Strickland v. Washington*, 466 U.S. 668, 697 (1984).

¶24 Here, we need address only the deficiency prong of the ineffective analysis. To satisfy that prong, Paine was required to show that his claims that postconviction counsel's failure to argue that trial counsel was ineffective for failing to investigate connections between Terry, the recovered firearm, and the double homicide were "clearly stronger" than postconviction counsel's previous claims that trial counsel was ineffective for failing to call two witnesses in Paine's defense. *See id.*, ¶58; *see also Allen*, 274 Wis. 2d 568, ¶¶23, 27. We note that we granted Paine a *Machner* hearing as a result of his first postconviction motion. *See Paine I*, No. 2006AP2634-CR, ¶¶15-18.

¶25 Paine argued that the evidence connecting Terry to the double homicide and the recovered firearm was clearly stronger because this information had not been presented at all, unlike Paine's alibi. Paine argued that trial counsel was obligated to investigate Terry and the recovered firearm in more detail, which

---

[9] Paine appears to challenge the requirement of the "clearly stronger" standard, stating "[t]he Wisconsin Supreme Court has suggested an additional requirement to the deficiency inquiry heretofore unrecognized by the United States Supreme Court." We reject Paine's argument and note that established Wisconsin law on WIS. STAT. § 974.06 motions requires both the "clearly stronger" standard and the "sufficient reason" to avoid a procedural bar. *See State v. Romero-Georgana*, 2014 WI 83, ¶¶4-5, 360 Wis. 2d 522, 849 N.W.2d 668.

meant trial counsel provided ineffective assistance, and postconviction counsel compounded the ineffective assistance by not raising this issue previously.

¶26     We concluded above that Paine's proffered newly discovered evidence connecting Terry and the recovered firearm to the double homicide did not entitle him to an evidentiary hearing or a new trial. In contrast, we granted Paine a *Machner* hearing on his earlier postconviction motion on the presentation of alibi witnesses. Therefore, we conclude that Paine's new claims are not clearly stronger than the claims presented in his previous postconviction motion. Accordingly, Paine's claim of ineffective assistance of counsel claim is procedurally barred. *See Escalona-Naranjo*, 185 Wis. 2d at 186.

¶27     Because we conclude that Paine's ineffective assistance of counsel claims are procedurally barred, we do not address whether he has alleged sufficient material facts to entitle him to an evidentiary hearing. *See Allen*, 274 Wis. 2d 568, ¶¶9, 23.

## III.     *New trial in the interests of justice*

¶28     We turn to Paine's claim for a new trial in the interest of justice pursuant to WIS. STAT. § 752.35. This court may order a new trial under that statute when the real controversy has not been fully tried or when it is probable that justice has miscarried. *See id*. "The power to grant a new trial in the interest of justice is to be exercised 'infrequently and judiciously.'" *State v. Avery*, 2013 WI 13, ¶38, 345 Wis. 2d 407, 826 N.W.2d 60 (citation omitted). We, however, believe that the real controversy has been fully tried. Accordingly, we reject Paine's suggestion that this is the rare case requiring a new trial in the interest of justice.

**CONCLUSION**

¶29 Paine has failed to show that he is entitled to postconviction relief on the basis of newly discovered evidence or ineffective assistance of counsel. Therefore, we affirm the circuit court order denying him a new trial or evidentiary hearing. Further, we decline Paine's request for a new trial in the interest of justice.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.