STATE of Wisconsin, Plaintiff-Respondent,

v.

Terry L. KLETZIEN, Jr., Defendant-Appellant.†

Court of Appeals

*No. 2010AP296. Submitted on briefs December 7, 2010.
—Decided January 19, 2011.*

2011 WI App 22

(Also reported in 794 N.W.2d 920.)

† Petition for Review denied 5/24/11.

· On behalf of the defendant-appellant, the cause was submitted on the briefs of *James Rebholz* of *Rebholz & Auberry*, Wauwatosa.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *J.B. Van Hollen*, attorney general, and *Rebecca Rapp St. John*, assistant attorney general.

Before Curley, P.J., Fine and Kessler, JJ.

¶ 1. CURLEY, P.J. Terry L. Kletzien, Jr., appeals the judgment convicting him of several felonies and the order denying his second postconviction motion. Kletzien contends that the well-established rule, articulated in *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 185, 517 N.W.2d 157 (1994), requiring criminal defendants to consolidate their postconviction claims into a single appeal absent a "sufficient reason," does not apply to motions for postconviction discovery. Consequently, Kletzien argues, because his first postconviction motion was in fact a postconviction discovery motion, he was not required to present any other grounds he may have had for appeal in that motion, and the trial court erred by denying his second postconviction motion on the grounds that it was barred under *Escalona-Naranjo*. In the alternative, Kletzien contends that even if the rule requiring consolidation does apply to postconviction discovery motions, he still was

not required to present all of his appellate claims in his first postconviction motion because a "sufficient reason" justified his decision to bring them in a second motion.

¶ 2. We are not persuaded by Kletzien's arguments on appeal. There is no exception to the *Escalona-Naranjo* rule for postconviction discovery motions. Moreover, there is no "sufficient reason" justifying Kletzien's piecemeal appellate strategy. We affirm.

## I. BACKGROUND.

¶ 3. After being convicted of one count of homicide by intoxicated use of a vehicle and two counts of injury by intoxicated use of a vehicle and then sentenced,[2] Kletzien filed his first postconviction motion. This first motion, brought under *State v. O'Brien*, 223 Wis. 2d 303, 321, 588 N.W.2d 8 (1999) (A "defendant has a right to post-conviction discovery when the sought-after evidence is relevant to an issue of consequence."), requested postconviction discovery of "potentially exculpatory evidence."

¶ 4. The trial court denied Kletzien's postconviction discovery motion and we affirmed. *See State v. Kletzien*, 2008 WI App 182, ¶ 2, 314 Wis. 2d 750, 762 N.W.2d 788. We held that Kletzien was not entitled to either an *in camera* review of a victim's medical and toxicology records or an evidentiary hearing because he failed to meet the burden of proof and because he failed to establish that the requested testing would yield evidence " 'relevant to an issue of consequence.' " *Id.*, ¶¶ 2, 9 (citation omitted).

¶ 5. After we affirmed the denial of Kletzien's first postconviction motion, Kletzien moved this court for an

[2] The details of the case preceding Kletzien's first postconviction motion are set forth in more detail in *State v. Kletzien*, 2008 WI App 182, ¶¶ 3–5, 314 Wis. 2d 750, 762 N.W.2d 788.

extension of time to file either "a notice of appeal or petition for a new trial pursuant to Rule 809.30." The extension was denied because there was no good cause for granting it. Specifically, there was no good cause because Kletzien had, in his first postconviction motion, "challenged only the denial of postconviction discovery," even though he "was free to raise any other issues that he believed had merit [at that time]." This court further noted that "no special rules govern the appeal of an order denying postconviction discovery. The issue is raised in a direct appeal in the same manner as other appellate issues in criminal cases."

¶ 6. Kletzien then moved for reconsideration. This motion was denied as well, because, "[n]othing in the authority governing postconviction discovery suggests that such motions provide grounds for permitting two appeals of right as a matter of course. The policy enunciated by our supreme court is that all available grounds for relief should be presented in a single postconviction motion or appeal." This court also noted, "Kletzien's decision to raise only a discovery claim and no other available claims is precisely the choice disfavored in this state."

¶ 7. More than ten months after his motion for reconsideration was denied, and more than three years after he had pled no contest to the charges of which he was convicted, Kletzien filed his second postconviction motion—the motion at issue in this appeal. This motion was filed pursuant to Wis. Stat. § 974.06 and requested that the trial court either allow Kletzien to withdraw his pleas, or, in the alternative, that the trial court resentence him. The trial court denied the motion on the grounds that it was barred by *Escalona-Naranjo*. Kletzien now appeals.

## II. ANALYSIS.

¶ 8.   Kletzien presents us with two bases for appeal. He first argues that the trial court erred in determining that his second postconviction motion was barred by *Escalona-Naranjo* because *Escalona-Naranjo* did not apply to his first postconviction motion, which was a motion for postconviction discovery. Next, Kletzien argues, in the alternative, that even if *Escalona-Naranjo* did apply to his first postconviction motion, that the trial court erred in denying his second postconviction motion because "sufficient reason" exists under *Escalona-Naranjo* to permit a second appeal. We address each argument in turn.

¶ 9.   We first consider Kletzien's contention that *Escalona-Naranjo* does not apply to postconviction discovery motions. This is a question of law that we review *de novo*. *See State v. Tolefree*, 209 Wis. 2d 421, 424, 563 N.W.2d 175 (Ct. App. 1997) (Whether a defendant's claims are prohibited by *Escalona-Naranjo* presents a question of law that this court reviews *de novo*.).

¶ 10.   Kletzien contends that *Escalona-Naranjo* does not apply to postconviction discovery motions because such motions are "independent of substantive postconviction claims." Kletzien argues that Wisconsin postconviction procedure allows a convicted criminal defendant to first file a postconviction discovery motion, and then later to file a postconviction motion alleging any other bases for relief. In other words, Kletzien argues that postconviction procedure can be bifurcated if a defendant chooses to bring a postconviction discovery motion.

¶ 11.   Kletzien's interpretation of postconviction procedure is unsubstantiated and incorrect. Motions for

postconviction discovery are not independent from other postconviction motions; defendants bringing postconviction discovery motions must, pursuant to *Escalona-Naranjo*, include all bases for appeal when filing such motions. *See id.* at 185.

■■

¶ 12. As our supreme court has explained, "we need finality in our litigation." *Escalona-Naranjo*, 185 Wis. 2d at 185 (capitalization omitted). The purpose of WIS. STAT. § 974.06(4) is to require criminal defendants to consolidate all their postconviction claims into *one* motion or appeal. *Id.* at 178 (footnote omitted; emphasis in *Escalona-Naranjo*). "Section 974.06(4) compels a prisoner to raise all grounds regarding postconviction relief in his or her original, supplemental or amended motion. Successive motions and appeals, which all could have been brought at the same time, run counter to the design and purpose of the legislation." *Id.* at 185. "[I]f the defendant's grounds for relief have been finally adjudicated, waived or not raised in a prior postconviction motion, they may not become the basis for a § 974.06 motion." *Id.* at 181.

¶ 13. There is no provision in the relevant statutes or case law that exempts postconviction discovery motions from this rule. Kletzien claims that *O'Brien*, which was decided after *Escalona-Naranjo*, implicitly authorizes the bifurcated postconviction procedure he seeks to have us implement; however, this is simply not the case. At no time does *O'Brien* even hint at anything akin to a bifurcated procedure involving postconviction discovery motions. *Id.* at 303–30. Moreover, when our supreme court affirmed *Escalona-Naranjo* several years after *O'Brien* was decided in *State v. Lo*, 2003 WI 107,

¶¶ 44–49, 264 Wis. 2d 1, 665 N.W.2d 756, it at no point made any exception for postconviction discovery motions. Instead, it held:

> *All* claims of error that a criminal defendant can bring should be consolidated into one motion or appeal, and claims that could have been raised on direct appeal or in a previous § 974.06 motion are barred from being raised in a subsequent § 974.06 postconviction motion absent a showing of a sufficient reason for why the claims were not raised on direct appeal or in a previous § 974.06 motion.

*Lo,* ¶ 44 (capitalization and emphasis added; emphasis omitted).

¶ 14.   Furthermore, we fail to understand how Kletzien's proposed bifurcated postconviction procedure would, as Kletzien argues, facilitate "judicial economy." Simply put, two appeals take longer than one.

¶ 15.   We therefore conclude that the trial court did not err in applying *Escalona-Naranjo* to Kletzien's second postconviction motion. Absent a "sufficient reason," an issue that we will address next, Kletzien should have consolidated all of his postconviction claims into a single appeal, and any claims not raised in his first postconviction motion were barred from being raised in his subsequent § 974.06 motion. *See id.* at 181–82.

¶ 16.   We next consider Kletzien's contention that, in the alternative, even if *Escalona-Naranjo* does apply to his postconviction discovery motion, "sufficient reason" exists for him to appeal on other grounds in a second postconviction motion. Under *Escalona-Naranjo,* if a defendant does not raise an appellate issue in a prior

647

postconviction motion, he or she may not raise it in a subsequent WIS. STAT. § 974.06 motion unless the court ascertains that a " 'sufficient reason' " exists for doing so. *Escalona-Naranjo*, 185 Wis. 2d at 181–82. Whether Kletzien has presented a sufficient reason for bifurcating his appeal is a question of law we review *de novo. See Tolefree*, 209 Wis. 2d at 424.

¶ 17. Kletzien offers only one potential "sufficient reason" as to why he should be allowed to bring his motion to withdraw his plea and motion for resentencing in a subsequent WIS. STAT. § 974.06 motion:  the fact that he did not present those claims in his first postconviction motion. In other words, Kletzien argues he should be allowed to bring these additional claims now because he failed to do so before. The only explanation Kletzien provides for why he did not consolidate all of his appellate issues into his first postconviction motion is his unsubstantiated and incorrect contention that postconviction discovery motions should not be governed by *Escalona-Naranjo*. We disagree with Kletzien's circular reasoning. Kletzien's incorrect interpretation of postconviction procedure in this case does not constitute a sufficient reason to allow him a bifurcated appeal. We therefore affirm the trial court's determination that no sufficient reason permitted Kletzien to bring claims in his second postconviction motion that he did not assert in his first postconviction motion.

¶ 18. As a final matter, we note that Kletzien presents three other bases for appeal:  (1) that the trial court erroneously exercised its discretion in denying this motion because he should have been allowed to withdraw his plea on the basis of "manifest injustice"; (2) that the trial court erroneously exercised its discretion by not granting him a hearing to determine whether the State violated his right to due process; and (3) that the trial

court erred in denying his motion for resentencing. Because we find that Kletzien's second postconviction motion was properly barred under *Escalona-Naranjo* and no sufficient reason exists for allowing him to bifurcate his appeal, we do not reach the merits of these claims. *See State v. Zien*, 2008 WI App 153, ¶ 3, 314 Wis. 2d 340, 761 N.W.2d 15 (cases should be decided on narrowest possible ground) (citation omitted).

*By the Court.*—Judgment and order affirmed.