**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**April 29, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2018AP2372**

**STATE OF WISCONSIN**

Cir. Ct. No.  2010CF498

**IN COURT OF APPEALS**
**DISTRICT II**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

FRANK HVIZDAK,

   DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Sheboygan County: REBECCA L. PERSICK, Judge. *Affirmed*.

Before Reilly, P.J., Gundrum and Davis, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Frank Hvizdak appeals from an order denying his WIS. STAT. § 974.06 (2017-18)[1] motion after an evidentiary hearing. We affirm and hold that Hvizdak's claims are barred as a result of his prior postconviction proceedings.

¶2 We first discuss Hvizdak's prior challenges to his 2012 conviction for second-degree intentional homicide. In a motion we deemed made under WIS. STAT. § 974.06 (2013-14), *State v. Hvizdak*, No. 2014AP1535 unpublished op. and order at 1 n.1 (WI App Mar. 25, 2015) (*Hvizdak I*), Hvizdak moved the circuit court to withdraw his guilty plea due to ineffective assistance of trial counsel. He argued that "counsel ineffectively failed to inform him of realistic possible sentences and to correct the unrealistic sentencing expectations." The circuit court denied the motion after a hearing. We affirmed because trial counsel did not perform deficiently. *Id.* at 2.

¶3 In December 2015, Hvizdak filed a petition for a writ of habeas corpus in this court seeking reinstatement of his WIS. STAT. RULE 809.30 appeal rights because appellate counsel ineffectively allowed his appeal rights to lapse. We denied the habeas petition because Hvizdak's substantive challenges to his conviction were addressed in *Hvizdak I*, and Hvizdak was not entitled to any other relief. *State ex rel. Hvizdak v. Meisner*, 2015AP2461-W, unpublished op. and order (WI App Jan. 15, 2016) (*Hvizdak II*).

¶4 In May 2018, Hvizdak filed the WIS. STAT. § 974.06 motion from which he now appeals. In that motion, he argued that his postconviction counsel

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

was ineffective because he did not seek plea withdrawal due to a defective plea colloquy, i.e., the circuit court neither discussed all of the elements of the offense nor advised him that his guilty plea waived his right to a unanimous jury. *See* ***State v. Hoppe***, 2009 WI 41, ¶18, 317 Wis. 2d 161, 765 N.W.2d 794 (plea colloquy requirements explained).

¶5 The circuit court denied Hvizdak's WIS. STAT. § 974.06 motion after an evidentiary hearing. The court found that postconviction counsel's testimony about his approach to seeking postconviction relief was credible. Based on the record and the law, there was no basis to challenge the plea taking due to an allegedly deficient plea colloquy because Hvizdak received the information he was supposed to receive prior to entering his plea, Hvizdak understood the elements of the crime, and Hvizdak entered a knowing, voluntary, and intelligent plea. The court observed that even if postconviction counsel had pursued the ineffective assistance of counsel claim set out in Hvizdak's § 974.06 motion, that motion would not have succeeded. Hvizdak appeals.

¶6 On appeal, Hvizdak argues that because postconviction counsel did not pursue a WIS. STAT. RULE 809.30 direct appeal from his 2012 conviction, he was deprived of the benefit of counsel for his first appeal as of right. We addressed Hvizdak's substantive challenges to his conviction in ***Hvizdak I***. In ***Hvizdak II***, we stated that postconviction counsel's failure to pursue a RULE 809.30 motion did not deprive Hvizdak of his ability to challenge his conviction. ***Hvizdak II***, unpublished op. and order at 3-4. We conclude that Hvizdak's claim that counsel deprived him of a RULE 809.30 appeal has been addressed and is therefore barred in this appeal. *See* ***State v. Witkowski***, 163

Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991) (defendant may not relitigate or reformulate claims decided in a previous postconviction challenge).[2]

¶7     The balance of Hvizdak's claims on appeal arise from ineffective assistance of postconviction counsel because counsel failed to challenge the allegedly defective plea colloquy.   A defendant who has filed a prior postconviction motion must show a sufficient reason for raising issues in a subsequent postconviction motion or the new claims may be barred.  *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 185, 517 N.W.2d 157 (1994).  Ineffective assistance of postconviction counsel may be a sufficient reason for failing to raise a claim in a prior motion.  *State v. Romero-Georgana*, 2014 WI 83, ¶36, 360 Wis. 2d 522, 849 N.W.2d 668.  As part of showing deficient performance, "a defendant who alleges in a [WIS. STAT.] § 974.06 motion that his postconviction counsel was ineffective for failing to bring certain viable claims must demonstrate that the claims he wishes to bring are clearly stronger than the claims postconviction counsel actually brought."  *Id.*, ¶¶4, 45.  We independently decide whether claims not raised in a prior postconviction motion are barred.  *State v. Kletzien*, 2011 WI App 22, ¶9, 331 Wis. 2d 640, 794 N.W.2d 920.  We are bound by the court's factual findings about counsel's representation unless they are clearly erroneous, and we do not substitute our own credibility determinations for

---

[2] We note that at the hearing on the WIS. STAT. § 974.06 motion that is the subject of this appeal, the circuit court deemed credible the testimony of Hvizdak's postconviction counsel, Attorney Rifelj, that he and Hvizdak discussed whether to commence a WIS. STAT. RULE 809.30 appeal.

those made by the circuit court. *State v. Pote*, 2003 WI App 31, ¶17, 260 Wis. 2d 426, 659 N.W.2d 82.[3]

¶8      In *Hvizdak I*, Hvizdak sought plea withdrawal because trial "counsel ineffectively failed to inform him of realistic possible sentences and to correct the unrealistic sentencing expectations."  In this appeal, Hvizdak alleges that postconviction counsel should have sought relief from a defective plea colloquy. However, a claim that the plea colloquy was defective was not clearly stronger than the claims actually brought in *Hvizdak I* as evidenced by the circuit court's findings of fact at the hearing on Hvizdak's WIS. STAT. § 974.06 motion.  Based on postconviction counsel's credible testimony, the circuit court found that counsel concluded that Hvizdak entered a knowing, voluntary, and intelligent plea, and Hvizdak understood matters relating to his decision to enter a plea and the rights waived thereby such that a plea withdrawal motion would lack merit. *State v. Brown*, 2006 WI 100, ¶36, 293 Wis. 2d 594, 716 N.W.2d 906 (a plea withdrawal motion due to a defective colloquy must allege that the defendant "did not understand an aspect of the plea").  Therefore, Hvizdak's § 974.06 claim that the plea colloquy was defective was not clearly stronger than the ineffective assistance of trial counsel claims he pursued in his first § 974.06 motion.[4] Therefore, these claims are barred.

---

[3] For this reason, we reject Hvizdak's arguments that postconviction counsel was not credible.

[4] We acknowledge that Hvizdak's claim in his WIS. STAT. § 974.06 motion focuses on the representation afforded by postconviction counsel.  However, whether postconviction counsel should have challenged the plea colloquy is necessarily rooted in the adequacy of the plea colloquy in the first instance.

¶9    In his reply brief, Hvizdak argues that his retained postconviction counsel should have documented the decision not to pursue a WIS. STAT. RULE 809.30 appeal and should have filed a motion to withdraw. Wisconsin law does not require either documentation or a motion to withdraw when a defendant agrees not to pursue a RULE 809.30 appeal. *State ex rel. Flores v. State*, 183 Wis. 2d 587, 624, 516 N.W.2d 362 (1994); *State ex rel. Ford v. Holm*, 2004 WI App 22, ¶¶25, 31, 269 Wis. 2d 810, 676 N.W.2d 500. Furthermore, as previously stated, at the evidentiary hearing on Hvizdak's WIS. STAT. § 974.06 motion, the circuit court found that Hvizdak and counsel discussed whether to commence a RULE 809.30 appeal.

*By the Court.*—Order affirmed.

This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.