COURT OF APPEALS
DECISION
DATED AND FILED

October 14, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP1109**

STATE OF WISCONSIN

Cir. Ct. No. **2010CF189**

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

THOMAS F. GLASS, JR.,

    DEFENDANT-APPELLANT.

         APPEAL from an order of the circuit court for Fond du Lac County: PETER L. GRIMM, Judge. *Affirmed*.

         Before Reilly, P.J., Gundrum and Davis, JJ.

         **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Thomas Glass, Jr. appeals pro se from a circuit court order denying reconsideration[1] of his WIS. STAT. § 974.06 (2017-18) motion. We affirm.

¶2 A jury found Glass guilty of the lesser included offense of second-degree sexual assault. In his WIS. STAT. RULE 809.30 direct appeal with counsel, Glass argued that trial counsel was ineffective in several respects. The circuit court denied the motion. After concluding that Glass did not establish that his trial counsel was ineffective, we affirmed the judgment of conviction and the order denying Glass's postconviction motion. *State v. Glass*, No. 2012AP2754-CR, unpublished slip op. (WI App Jul. 2, 2014) (*Glass I*).

¶3 In June 2017, Glass filed a pro se WIS. STAT. § 974.06 motion challenging the sufficiency of the evidence, information considered by the circuit court at sentencing,[2] the prosecutor's allegedly improper remarks, the use of WIS JI—CRIMINAL 520 which Glass alleged coerced the jury to reach a verdict, the victim's alleged perjury, the submission of lesser included offenses to the jury, the circuit court's limitation of the defense investigator's testimony about the victim, and the allegedly ineffective assistance provided by trial, postconviction

---

[1] The June 8, 2018 notice of appeal was timely filed in relation to the May 8, 2018 circuit court order denying reconsideration. However, the notice of appeal was not timely filed in relation to any other order, including the November 1, 2017 circuit court order denying the WIS. STAT. § 974.06 (2017-18) motion. A proceeding under § 974.06 is civil in nature, § 974.06(6), and the time for commencing a civil appeal cannot be extended, WIS. STAT. RULE 809.82(2)(b). Our review is confined to the May 8 reconsideration order.

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[2] We assume that this claim arises in the context of ineffective assistance of trial counsel (failing to object) or ineffective assistance of postconviction counsel (failing to challenge the sentence).

and appellate counsel. In a subsequent filing, Glass clarified that he was claiming that postconviction counsel was ineffective for failing to raise claims during *Glass I*. In a November 2017 order, the circuit court denied Glass's § 974.06 motion without an evidentiary hearing because his claims focused on the assistance rendered by appellate counsel and such claims had to be brought in a petition for a writ of habeas corpus in the court of appeals.

¶4 On reconsideration, Glass argued that the circuit court should have liberally construed his motion as seeking relief from the assistance rendered by postconviction counsel, claims which should have been heard in the circuit court. The circuit court denied reconsideration on two grounds: (1) claims other than ineffective assistance of postconviction counsel were barred by *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994); and (2) claims of ineffective assistance of postconviction and appellate counsel had to be brought in the court of appeals. Glass appeals from the order denying reconsideration.

¶5 We review the circuit court's denial of a motion for reconsideration for an erroneous exercise of discretion. *Koepsell's Olde Popcorn Wagons, Inc. v. Koepsell's Festival Popcorn Wagons, Ltd.*, 2004 WI App 129, ¶6, 275 Wis. 2d 397, 685 N.W.2d 853. We affirm the circuit court's discretionary decision to deny reconsideration. First, the circuit court correctly determined that Glass's challenge to appellate counsel's assistance was not properly before the circuit court and had to be brought in this court via a habeas petition. Second, even if the circuit court incorrectly determined that the circuit court was not the proper forum for claims of ineffective assistance of postconviction counsel,[3] we nevertheless affirm because

---

[3] We may affirm the circuit court for reasons other than those relied upon by the circuit court. *State v. King*, 120 Wis. 2d 285, 292, 354 N.W.2d 742 (Ct. App. 1984).

Glass's § 974.06 motion did not establish ineffective assistance of postconviction counsel as a sufficient reason for failing to raise additional claims during *Glass I.* In the absence of a sufficient reason, the § 974.06 claims were barred.

Ineffective Assistance of Appellate Counsel Claims

¶6      Claims of ineffective assistance of appellate counsel must be brought via a petition for a writ of habeas corpus in this court. *State ex rel. Warren v. Meisner*, 2020 WI 55, ¶¶32-36, 392 Wis. 2d 1, 944 N.W.2d 588. To the extent Glass's WIS. STAT. § 974.06 motion alleges acts or omissions by appellate counsel that occurred in this court, such claims were not properly before the circuit court. *State ex rel. Warren*, 392 Wis. 2d 1, ¶¶32-36, 45. The circuit court correctly denied those claims.

WIS. STAT. § 974.06 Claims Barred Due to the Lack of A Sufficient Reason

¶7      We turn to the circuit court's further basis for denying reconsideration: Glass's WIS. STAT. § 974.06 claims were barred because he did not show a sufficient reason for failing to raise them during *Glass I*.[4] We independently decide whether the claims are barred. *State v. Kletzien*, 2011 WI App 22, ¶9, 331 Wis. 2d 640, 794 N.W.2d 920.

¶8      When a defendant pursues a WIS. STAT. RULE 809.30 appeal and subsequently seeks relief under WIS. STAT. § 974.06, the § 974.06 claims are barred under *Escalona-Naranjo* unless the defendant establishes a sufficient

---

[4] Where a postconviction motion would have been required to preserve an appellate issue, a claim that postconviction counsel failed to file such a motion must be pursued in the circuit court because that is the court in which the alleged ineffective assistance occurred. *State ex rel. Warren v. Meisner*, 2020 WI 55, ¶36, 392 Wis. 2d 1, 944 N.W.2d 588.

reason for not having raised the claims in the prior RULE 809.30 appeal. *State v. Romero-Georgana*, 2014 WI 83, ¶35, 360 Wis. 2d 522, 849 N.W.2d 668. Ineffective assistance of postconviction counsel may be a sufficient reason for failing to raise claims in prior proceedings. *Id.*, ¶36.

¶9     To show ineffective assistance of postconviction counsel as a sufficient reason, a WIS. STAT. § 974.06 motion must do more than assert a failure to challenge aspects of trial counsel's representation; the motion must allege that postconviction counsel was deficient and that the deficient performance prejudiced the defendant. *State v. Balliette*, 2011 WI 79, ¶63, 336 Wis. 2d 358, 805 N.W.2d 334. As part of showing deficient performance, "a defendant who alleges in a [WIS. STAT.] § 974.06 motion that his postconviction counsel was ineffective for failing to bring certain viable claims must demonstrate that the claims he wishes to bring are clearly stronger than the claims postconviction counsel actually brought." *Romero-Georgana*, 360 Wis. 2d 522, ¶¶4, 45.

¶10    Glass's WIS. STAT. § 974.06 motion does not make the required clearly stronger showing. In *Glass I*, Glass claimed that trial counsel was ineffective for "failing to impeach the victim at trial with her allegedly inconsistent statements made or omitted in prior court proceedings, to police officers, and to an investigator retained by Glass." *Glass I*, unpublished slip op.,

¶1. The § 974.06 motion does not discuss the claims litigated in *Glass I* or argue that the claims raised in the § 974.06 motion are clearly stronger than the claims counsel raised in *Glass I*.[5]

¶11    In his reconsideration motion, Glass makes a bare reference to the clearly stronger standard and refers to objections he filed in this court during *Glass I* in which he complained about appellate counsel's representation.  The reconsideration motion did not make the required clearly stronger showing.

¶12    Finally, Glass's appellate briefs cannot supply the clearly stronger showing that had to be made in the circuit court.

¶13    We conclude that Glass did not successfully allege ineffective assistance of postconviction counsel as a sufficient reason for failing to raise additional claims during *Glass I*.  Therefore, the circuit court did not misuse its

---

[5] We acknowledge that Glass's WIS. STAT. § 974.06 motion alleges that his postconviction counsel declined to raise claims Glass identified because they were frivolous. Glass includes his correspondence with counsel in the appendix to his appellant's brief. However, Glass's references to the letters in his appellant's brief are not supported by record references as required by WIS. STAT. RULE 809.19(1).  Additionally, there is no indication that the letters were appended to the WIS. STAT. § 974.06 motion Glass filed in the circuit court.  We will not search the record for the letters or consider them. *Wisconsin Power & Light Co. v. Public Serv. Comm'n*, 171 Wis. 2d 553, 572, 492 N.W.2d 159 (Ct. App. 1992) (appellate courts generally do not consider arguments unsupported by references to the record and do not search the record to locate support for a litigant's claims); *see also State v. Aderhold*, 91 Wis. 2d 306, 314-15, 284 N.W.2d 108 (Ct. App. 1979) (we are limited to the record created before the circuit court and that record may not be enlarged by material that was not presented to the circuit court).

discretion when it declined to reconsider its determination that Glass's WIS. STAT. § 974.06 claims were barred.[6]

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[6] While we have considered all of the arguments in the briefs, we only discuss those arguments that are necessary to our decision. *See* **State v. Waste Mgmt. of Wis., Inc.**, 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978) ("An appellate court is not a performing bear, required to dance to each and every tune played on an appeal.").