COURT OF APPEALS
DECISION
DATED AND FILED

May 2, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If
published, the official version will appear in
the bound volume of the Official Reports.

A party may file with the Supreme Court a
petition to review an adverse decision by the
Court of Appeals. *See* WIS. STAT. § 808.10
and RULE 809.62.

Appeal No.     **2022AP580**

Cir. Ct. No. 2007CF2154

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

TONY LAMONT JACKSON,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County:
STEPHANIE ROTHSTEIN, Judge. *Affirmed*.

Before Brash, C.J., Dugan and White, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent
or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Tony Lamont Jackson, *pro se*, appeals the order denying his WIS. STAT. § 974.06 (2021-22) postconviction motion.[1] We conclude that Jackson's claims fail because they were previously litigated or because they are barred by *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994). Accordingly, we affirm.

## I. BACKGROUND

¶2 This court has previously summarized the facts of Jackson's case in our opinions resolving his direct appeal and his *Knight* petition.[2] *See State v. Jackson* (*Jackson I*), No. 2010AP351-CR, unpublished slip op. (WI App Dec. 14, 2010); *see also State ex rel. Jackson v. Smith* (*Jackson II*), No. 2014AP2694-W, unpublished op. and order (WI App Nov. 9, 2015). For purposes of resolving this appeal, it suffices to state that in 2007, Jackson confessed to shooting and killing his girlfriend, Anicka Labourgeois. Labourgeois was pregnant with his child at the time of her death.

¶3 The State originally charged Jackson with first-degree reckless homicide and felon in possession of a firearm. Following a trial, a jury found Jackson guilty of felon in possession and the lesser-included offense of second-degree reckless homicide. The circuit court ordered Jackson to serve sentences totaling twenty-seven years.

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] *See State v. Knight*, 168 Wis. 2d 509, 484 N.W.2d 540 (1992).

¶4  Jackson sought postconviction relief and argued:  (1) the circuit court should have suppressed his confession because he was in custody when he confessed and was not read the ***Miranda*** warnings;[3] and (2) the circuit court erred in failing to instruct the jury on the lesser-included offense of homicide by negligent handling of a dangerous weapon.  *See **Jackson I***, No. 2010AP351-CR, ¶10.  The circuit court denied the motion, Jackson appealed, and this court affirmed.  *See **id.***, ¶1.  The Wisconsin Supreme Court denied review.

¶5  Nearly four years after our decision resolving his direct appeal, Jackson, *pro se*, filed a ***Knight*** petition.  He argued "that his appellate lawyer should have argued on direct appeal that the statement he gave police … at the police station should have been suppressed because he did not waive his ***Miranda*** rights[.]"  ***Jackson II***, No. 2014AP2694-W, at 2.  We ultimately rejected Jackson's argument, after concluding that he had not shown the claim he raised was clearly stronger than the claims raised on direct appeal.  *See **id.*** at 6-7.

¶6  In his petition, Jackson additionally argued "that his appellate lawyer ineffectively represented him during his direct appeal because his lawyer did not ensure that the audio recording of Jackson's confession was included in the appellate record."  *Id.* at 7.  We explained that "[t]he audio recording of Jackson's ***Miranda*** waiver was not relevant to whether Jackson was in custody when he was questioned by police, which is the suppression issue that was raised on direct appeal" and concluded Jackson's lawyer did not perform deficiently by failing to ensure the audio recording was included in the appellate record.  *See **Jackson II***, No. 2014AP2694-W, at 7.  We denied Jackson's petition.  *See **id.***

---

[3] *See **Miranda v. Arizona***, 384 U.S. 436 (1966).

¶7    In January 2022, more than thirteen years after his convictions, Jackson, *pro se*, filed the WIS. STAT. § 974.06 motion underlying this appeal.  He argued that trial counsel and postconviction counsel[4] were ineffective for failing to raise the following claims:  (1) he did not waive his ***Miranda*** rights as evidenced by the lack of clarity in the audio recording; (2) the circuit court erred by not giving an accident instruction; (3) his possession of a firearm was privileged and the circuit court should have instructed the jury accordingly; and (4) the circuit court erred when it refused to submit the lesser included offense of homicide by negligent handling of a dangerous weapon to the jury.

¶8    The circuit court denied the motion without a hearing.  In its written decision, the court explained that Jackson could not show that postconviction counsel was ineffective for failing to raise a claim pertaining to the court's decision not to submit a lesser-included offense of homicide by negligent handling of a dangerous weapon because postconviction counsel raised that issue in Jackson's WIS. STAT. RULE 809.30 motion.   The circuit court additionally explained that Jackson previously raised the issues regarding the waiver of his ***Miranda*** rights and the audio recording in his ***Knight*** petition.  The circuit court deemed Jackson's remaining arguments "completely conclusory and insufficient to warrant postconviction relief."  This appeal follows.

---

[4] In his motion, Jackson argued that appellate counsel provided ineffective assistance. The circuit court reframed his claims as relating to postconviction counsel's performance, which appears to have been Jackson's intent given the context and allegations in his motion.  We do the same.  *See **State ex rel. Warren v. Meisner***, 2020 WI 55, ¶¶33-36, 392 Wis. 2d 1, 944 N.W.2d 588 (explaining the framework for claims relating to the alleged ineffectiveness of counsel after conviction).

## II. Discussion

¶9      A defendant must raise all grounds for postconviction relief in his or her first postconviction motion.  ***Escalona-Naranjo***, 185 Wis. 2d at 181.  If a subsequent motion raises grounds for relief that "have been finally adjudicated, waived or not raised in a prior postconviction motion, they may not become the basis for a [WIS. STAT. §] 974.06 motion ... unless the court ascertains that a 'sufficient reason' exists for either the failure to allege or to adequately raise the issue" in prior motions.  ***Escalona-Naranjo***, 185 Wis. 2d at 181-82 (quoting § 974.06(4); emphasis omitted); *see also* ***State v. Witkowski***, 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991) ("A matter once litigated may not be relitigated in a subsequent postconviction proceeding no matter how artfully the defendant may rephrase the issue.").  Whether a defendant has provided a sufficient reason for failing to raise a claim is a question of law that we review independently.  ***State v. Kletzien***, 2011 WI App 22, ¶16, 331 Wis. 2d 640, 794 N.W.2d 920.

¶10      Jackson's opening brief identifies nine issues.  We recategorize them as two:  (1) whether Jackson's lesser-included-offense instruction, ***Miranda***, and defective appellate record claims are barred by ***Witkowski***; and (2) whether Jackson's claims regarding his trial and postconviction counsel's representation(s)are barred by ***Escalona-Naranjo*** because he has not demonstrated a sufficient reason for failing to pursue them on direct appeal.

¶11      Jackson reargues his claims regarding a lesser-included offense jury instruction, a ***Miranda*** waiver violation, and the completeness of the appellate record.  As detailed above, he raised a challenge to the circuit court's decision not to give the lesser-included-offense negligent homicide instruction in his direct

appeal. We rejected this claim after concluding that the circuit court did not err when it refused to instruct the jury on negligent homicide because Jackson's actions were not negligent.

¶12 Additionally, in his *Knight* petition, Jackson argued that appellate counsel was ineffective for failing to argue that Jackson did not waive his *Miranda* rights and for failing to properly compile the appellate record. We rejected both claims. In so doing, we explained: "The undisputed testimony from Detective Gulbrandson at the hearing on Jackson's current claim was that Jackson waived his *Miranda* rights." *See Jackson II*, No. 2014AP2694-W, at 6. We further held that Jackson's argument was "not clearly stronger than the argument Jackson's appellate lawyer raised on direct appeal." *See id.*

¶13 Insofar as the claims in Jackson's *Knight* petition were against appellate counsel and his WIS. STAT. § 974.06 claims are against postconviction counsel,[5] we agree with the State that regardless of the forum, the claims are barred by *Witkowski*. Moreover, as argued by the State, the law of the case doctrine precludes us from re-examining these claims. *See State v. Stuart*, 2003 WI 73, ¶23, 262 Wis. 2d 620, 664 N.W.2d 82 (explaining that "[t]he law of the case doctrine is a 'longstanding rule that a decision on a legal issue by an appellate court establishes the law of the case, which must be followed in all subsequent proceedings in the [circuit] court or on later appeal'" (citation omitted)).[6]

---

[5] Attorney Hans Koesser was Jackson's postconviction and appellate attorney.

[6] We further note that Jackson did not file a reply and therefore concedes this point. *See United Coop. v. Frontier FS Coop.*, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578 (holding that appellant's failure to respond in reply brief to an argument made in respondent's brief may be taken as a concession).

¶14    We move to Jackson's new claims—generously construed—that his postconviction counsel was ineffective for failing to argue that trial counsel was ineffective on two basis.  *See **State v. Romero-Georgana***, 2014 WI 83, ¶36, 360 Wis. 2d 522, 849 N.W.2d 668 (acknowledging that "[i]n some instances, ineffective assistance of postconviction counsel may be a sufficient reason for failing to raise an available claim in an earlier motion or on direct appeal").  To prove ineffective assistance of counsel in this context, Jackson must:  "show that 'a particular nonfrivolous issue was *clearly stronger* than issues that counsel did present.'"  *See **id.***, ¶45 (citation omitted).  Conclusory allegations that an issue should have been raised are not enough; a defendant must "make the case" and establish that there was ineffective assistance of counsel in the WIS. STAT. § 974.06 motion in order to overcome the procedural bar.  ***State v. Balliette***, 2011 WI 79, ¶67, 336 Wis. 2d 358, 805 N.W.2d 334.

¶15    First, Jackson claims trial counsel was ineffective for failing to challenge the sufficiency of the evidence to support his conviction for second-degree reckless homicide.  According to Jackson, the evidence showed that he was acting in self-defense when he accidentally shot Labourgeois.  Second, Jackson argues that trial counsel was ineffective for failing to argue for a privilege instruction for his felon-in-possession conviction.  Jackson, however, has decidedly failed to make his case.  *See **id.***  Other than reciting the legal standard, he makes no attempt to prove that his current claims are clearly stronger than those raised on direct appeal.  Jackson must say why the claim he wanted raised was clearly stronger than the claims actually raised.  *See **Romero-Georgana***, 360 Wis. 2d 522, ¶62.  We agree with the circuit court's conclusion that Jackson "has not set forth any meaningful comparison between these claims and the claims that

postconviction counsel actually raised." Consequently, these claims are barred by *Escalona-Naranjo*.[7]

       *By the Court.*—Order affirmed.

       This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[7] In light of this resolution, there is no reason to address the State's alternative argument for affirmance. *See Barrows v. American Family Ins. Co.*, 2014 WI App 11, ¶9, 352 Wis. 2d 436, 842 N.W.2d 508 (2013) ("An appellate court need not address every issue raised by the parties when one issue is dispositive.").