COURT OF APPEALS
DECISION
DATED AND FILED

January 10, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2022AP2054**

**STATE OF WISCONSIN**

Cir. Ct. No. 2005CF210

**IN COURT OF APPEALS
DISTRICT II**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

DARYISE L. EARL,

    DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Racine County: WYNNE P. LAUFENBERG, Judge. *Affirmed*.

Before Gundrum, P.J., Grogan and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.  Daryise L. Earl, pro se, appeals the order denying his WIS. STAT. § 974.06 (2021-22)[1] postconviction motion.  Although Earl raises multiple arguments in his appellate brief, the primary issue on appeal is whether the circuit court erred when it denied his motion without holding an evidentiary hearing. We affirm.

¶2      This is the fourth time Earl has appealed a decision in his case to this court.  In late 2006 and early 2007, Earl and his cousin, Johnny Herring, were convicted of first-degree intentional homicide as party to a crime for the 2000 murder of Michael Bizzle as well as armed robbery as party to a crime.  Herring was tried first and then testified at Earl's trial after being granted immunity.  In a conversation before being called to testify, Herring told the prosecutor that he and Earl had been in Bizzle's van with Bizzle and Michael Nesby.  Herring said he and Earl robbed Nesby and that after Nesby fled, Earl shot and robbed Bizzle.  When testifying at Earl's trial, however, Herring said that it was actually Nesby who shot and robbed Bizzle.  The prosecutor then impeached Herring with his prior statement that he and Earl had committed the homicide and robbery.  As noted, the jury found Earl guilty.

¶3      Earl's first postconviction motion after trial alleged ineffective assistance by his trial counsel and was tied in large part to trial counsel's failure to present Nesby as the perpetrator and for not objecting to Herring's testimony.  Earl's motion also alleged prosecutorial misconduct and due process violations.  The circuit court denied Earl's motion after an evidentiary hearing.  Earl appealed his judgment and the order denying his postconviction motion, and this court affirmed.

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

*State v. Earl*, No. 2009AP1274-CR, unpublished slip op. (WI App Aug. 11, 2010). The Wisconsin Supreme Court denied Earl's petition for review in December 2010, and in September 2011, it denied his writ of habeas corpus asserting his appellate counsel provided ineffective assistance by abandoning his claims that his trial counsel acted ineffectively.

¶4       In May 2012, Earl filed a pro se WIS. STAT. § 974.06 motion with the circuit court asserting that his postconviction counsel provided ineffective assistance for failing to raise a number of additional issues and requested an evidentiary hearing. Earl's motion alleged the following issues should have been raised:  (1) the State's delay in charging him caused him prejudice; (2) the police unlawfully took his fingerprints; (3) Herring's statement should have been excluded from his trial; (4) the prosecutor engaged in misconduct by allowing false testimony and in failing to correct material misrepresentations by witnesses; (5) his due process rights were violated; and (6) his age at the time of the crime was not considered at sentencing.

¶5       The circuit court granted a hearing on one of the issues, but ultimately denied Earl's motion in its entirely.  Earl appealed from the order denying his motion, and in September 2014, we issued our second opinion rejecting Earl's arguments and affirming the circuit court's order.  *State v. Earl*, No. 2013AP1478, unpublished op. and order (WI App Sept. 3, 2014).  We held, as a matter of law, that Earl failed to establish his postconviction counsel provided ineffective assistance because Earl did not call postconviction counsel to testify at the evidentiary hearing.  *Id.* at 5 n.4.

¶6       In June 2018, Earl filed a second pro se WIS. STAT. § 974.06 motion seeking a new trial in the interest of justice.  He alleged the State failed to comply

with the discovery requirements of WIS. STAT. § 971.23 and ***Brady v. Maryland***, 373 U.S. 83 (1963). He claimed the State should have turned over police reports in another case, ***State v. Xavier Rockette***, because those reports referenced S.C.,[2] who testified against Earl, and he claimed he could have used information from those reports to impeach S.C. The circuit court denied Earl's motion, concluding that the failure to disclose the police reports did not constitute a ***Brady*** violation because:

> Evidence of impeachment is material if the witness whose testimony is attacked "supplied the only evidence linking the defendant(s) to the crime," ***United States v. Petrillo***, 821 F.2d 85, 90 (2d Cir. 1987), or "where the likely impact on the witness's credibility would have undermined a critical element of the prosecution's case." ***United States v. Payne***, 63 F.3d 1200, 1210 (2d Cir. 1995). Impeachment evidence is *not* material, and thus a new trial is *not* required "when the suppressed impeachment evidence merely furnishes an additional basis on which to impeach a witness whose credibility has already been shown to be questionable." ***Id.***

¶7 The circuit court concluded that because "Earl's attorney did have the opportunity to cross examine [S.C.] at trial[,]" the "additional ground for impeachment would not … have produced a different verdict." The court found that even if the failure to disclose violated the discovery statute and regardless of "whether or not it was inadvertent, the evidence sought by Earl does not constitute a ***Brady*** violation under the case law" because this court had already concluded in our decision in Earl's direct appeal that the Record contained very damaging evidence from other witnesses who testified that Earl admitted to killing Bizzle. Earl appealed the circuit court's order to this court.

¶8 In November 2020, we rejected Earl's arguments in our third opinion in his case, ***State v. Earl***, No. 2018AP2432, unpublished slip op. (WI App Nov. 4,

---

[2] This court will use initials to reference S.C. *See* WIS. STAT. RULE 809.19(1)(g).

2020), where we held that Earl's arguments were procedurally barred by *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 181-82, 517 N.W.2d 157 (1994). In doing so, we rejected his claim that his recent discovery of the nondisclosed police reports constituted a *Brady* violation that gives him a sufficient reason to collaterally attack his now sixteen-year-old conviction. We explained:

> Earl asserts that he only recently discovered evidence relevant to his claim of innocence, such as police reports from Rockette in 2018. In his own WIS. STAT. § 974.06 motion underlying this appeal, however, Earl put forth that a private investigator alerted [his trial counsel] in January 2006—a full year before trial—of the State's failure to fully disclose all of the police investigative reports related to the Bizzle homicide, that Earl himself gave the private investigator the copies of the reports, and that Earl told her he got the copies of the reports from Rockette. Earl thus could have obtained an affidavit from Rockette at that time.

*Earl*, No. 2018AP2432, ¶14 (footnote omitted). We also rejected his *Brady* claim on the merits. *See Earl*, No. 2018AP2432, ¶¶16-18. In March 2021, our supreme court denied Earl's request to review our decision.

¶9     In June 2022, Earl filed another WIS. STAT. § 974.06 motion in the circuit court seeking a new trial,[3] and it is this motion that is the subject of Earl's current appeal. Like prior motions, this motion again alleges: (1) a *Brady* violation; (2) ineffective assistance of trial counsel; and (3) a violation of the discovery statute, WIS. STAT. § 971.23. It also alleged that the real controversy of the Bizzle homicide had not been fully tried. The circuit court denied the motion without holding a hearing, ruling that Earl's motion was procedurally barred by *Escalona-Naranjo* and that he failed to set forth a sufficient reason to overcome the bar. *See State v.*

---

[3] About one month later, Earl filed another motion requesting that he be allowed to call witnesses.

*Romero-Georgana*, 2014 WI 83, ¶5, 360 Wis. 2d 522, 849 N.W.2d 668. Earl appeals.

¶10 "We need finality in our litigation." *Escalona-Naranjo*, 185 Wis. 2d at 185. Thus, any claim that could have been raised in a prior postconviction motion or on direct appeal cannot form the basis for a subsequent motion under WIS. STAT. § 974.06 unless the defendant demonstrates a sufficient reason for failing to raise the claim earlier. *Escalona-Naranjo*, 185 Wis. 2d at 185. A defendant may not relitigate a matter previously litigated, "no matter how artfully the defendant may rephrase the issue." *State v. Witkowski,* 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991). Whether a claim is procedurally barred and whether a sufficient reason exists for the failure to previously assert the claim present questions of law we review de novo. *State v. Kletzien*, 2011 WI App 22, ¶¶9, 16, 331 Wis. 2d 640, 794 N.W.2d 920.

¶11 The claims Earl asserts in his current WIS. STAT. § 974.06 motion are repetitive of those we have already rejected—he simply attempts to reframe them. Specifically, Earl's *Brady* violation, ineffective assistance of trial counsel, and discovery violation/prosecutorial misconduct claims have all been previously litigated and rejected in prior appeals. With respect to Earl's claim that the real controversy has not been tried, as we explained in our November 2020 decision: "[WISCONSIN STAT. §] 752.35 does not permit us to go behind an order denying a § 974.06 postconviction motion to reach the judgment of conviction." *Earl*, No. 2018AP2432, ¶23. Because Earl has previously raised these same arguments, his current § 974.06 motion is procedurally barred, and he fails to provide a sufficient reason for us to address them.

¶12     In summary, Earl has now litigated a direct appeal with the assistance of counsel and three pro se WIS. STAT. § 974.06 motions.  While we understand he believes his trial counsel should have acted differently and that he believes the State failed to disclose police reports, he has argued those issues by attempting to reframe them with each motion he files and has been afforded three decisions—four including this one—from this court.  Moreover, our November 2020 decision carefully and thoroughly explained why he is procedurally barred from re-raising these same issues, and despite concluding Earl was procedurally barred, this court still addressed the merits of his ***Brady*** claims in that decision.  Accordingly, the circuit court did not err in summarily denying Earl's current motion and properly concluded that Earl is procedurally barred from repeatedly re-arguing the same issues over and over.

*By the Court.*—Order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.