COURT OF APPEALS
DECISION
DATED AND FILED

January 29, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP1944**

STATE OF WISCONSIN

Cir. Ct. No. 2014CF450

IN COURT OF APPEALS
DISTRICT II

---

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

JOSEPH-JAMAL R. BRANTLEY,

   DEFENDANT-APPELLANT.

---

APPEAL from orders of the circuit court for Kenosha County: BRUCE E. SCHROEDER, Judge. *Affirmed.*

Before Gundrum, P.J., Neubauer and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Joseph-Jamal R. Brantley appeals from orders denying his postconviction motion in which he sought a new trial based on newly discovered evidence. The trial court determined that Brantley's motion failed to raise matters satisfying the criteria for newly discovered evidence, and it denied the motion without a hearing. On appeal, Brantley argues his motion was sufficient to entitle him to a hearing. He also argues that both his trial and appellate counsel provided constitutionally ineffective assistance and that his conviction should be reversed in the interest of justice under WIS. STAT. § 752.35 (2021-22).[1] We disagree and affirm.

## BACKGROUND

¶2 In 2014, Brantley, Markese Tibbs, and Brandon Horak set up a deal through Jacob Lang to purchase marijuana from Lang's cousin, Anthony Edwards, but their true intent was to rob Edwards of the marijuana. After Lang and Edwards arrived by car to make the deal, Brantley pulled out a gun, grabbed the marijuana, and shot Edwards in the back as he tried to drive away. Edwards' car crashed, and he died moments later. The medical examiner classified Edwards' death as a "homicide." The .32 caliber bullet that killed Edwards was recovered from his body at the autopsy.

¶3 During their investigation into the homicide, police recovered the stolen marijuana from a dresser and a .32 caliber revolver hidden above a false ceiling in a bedroom at Brantley's and Tibbs' residence. The State's firearms and toolmark expert testified to a reasonable degree of certainty that the .32 caliber

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

bullet recovered from Edwards' body at the autopsy was fired through the barrel of the .32 caliber handgun found above the false ceiling in the bedroom.

¶4      Brantley's two accomplices, Horak and Tibbs, implicated him directly in the planning and execution of the armed robbery and fatal shooting. There was also testimony at trial that Brantley was a major contributor of DNA recovered from the handgun, while Tibbs and Edwards were both excluded as contributors to DNA on the gun.

¶5      During Brantley's six-day jury trial, the defense learned that a police officer had planted a .22 caliber bullet near Tibbs' identification card while executing a search warrant at the home of Magnolia Powell, with whom Brantley and Tibbs lived when Edwards was killed. Brantley argued that he was entitled to dismissal of the charges against him based on the police misconduct and the prosecutor's alleged unreasonable delay in reporting the misconduct to the defense. The court did not dismiss the charges, but the parties did reach a stipulation whereby the misconduct was introduced by the defense into evidence at trial.

¶6      Brantley argued at trial that the State failed to prove its case because its evidence was not trustworthy. The State's case was, he argued, based on the testimony of witnesses who lied both to police and under oath to protect themselves; the eyewitness identification by Lang was not reliable; police wrongly focused their investigation immediately on Brantley to the exclusion of others; the DNA of three people was found on the gun; and no one knew when or how Brantley's DNA got on the gun. After deliberation, the jury found Brantley guilty, as party to the crime, of first-degree reckless homicide while using a dangerous weapon, first-degree recklessly endangering safety while using a dangerous

3

weapon, armed robbery, and carrying a concealed weapon. The trial court sentenced him to twenty-three years of initial confinement, seventeen years of extended supervision, and a consecutive term of ten years of probation.

¶7 Through counsel, Brantley filed a motion for postconviction relief alleging a *Brady*[2] violation based on police and prosecutorial misconduct. After holding an evidentiary hearing on Brantley's motion, the trial court denied the motion. The court found that, although the officer's and the prosecutor's conduct was unacceptable, it did not impact Brantley's defense and related only to Tibbs. Brantley filed a direct appeal with this court. We affirmed the judgment of conviction and postconviction order. *State v. Brantley*, No. 2018AP1607-CR, unpublished slip op. ¶1 (WI App Dec. 18, 2019).

¶8 Brantley next sought relief through a WIS. STAT. § 974.06 motion based on the issues raised here. After briefing, the trial court summarily denied the motion without a hearing. The court subsequently issued a memorandum adopting the State's brief. Brantley appeals.

## STANDARD OF REVIEW

¶9 "Whether a defendant's postconviction motion alleges sufficient facts to entitle the defendant" to an evidentiary hearing is a mixed question of fact and law. *State v. Allen*, 2004 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433. If the WIS. STAT. § 974.06 motion alleges facts that would entitle the defendant to relief, "the circuit court has no discretion and must hold an evidentiary hearing." *State v. Bentley*, 201 Wis. 2d 303, 310, 548 N.W.2d 50 (1996). "Whether a

---

[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

motion alleges facts which, if true, would entitle a defendant to relief is a question of law that we review de novo." *Id.*

¶10 The postconviction motion must specifically allege within its four corners material facts answering the questions who, what, when, where, why, and how the movant would successfully prove at an evidentiary hearing that he or she is entitled to a new trial. *Allen*, 274 Wis. 2d 568, ¶23; *see also* *State v. Love*, 2005 WI 116, ¶27, 284 Wis. 2d 111, 700 N.W.2d 62. "[I]f the motion does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief," the trial court has discretion to deny a postconviction motion without a hearing. *Allen*, 274 Wis. 2d 568, ¶9. We review the court's decision to deny an evidentiary hearing for an erroneous exercise of discretion. *See* *id.*

## DISCUSSION

¶11 Brantley argues this court has multiple grounds upon which to grant him postconviction relief. First, he argues that he proffers newly discovered evidence that was not presented to the jury and that entitles him to a new trial or, at minimum, an evidentiary hearing. Second, Brantley argues that, in the alternative, postconviction counsel rendered ineffective assistance of counsel by not arguing trial counsel's ineffectiveness on these grounds in the previous motion. Finally, Brantley argues that the controversy has not been fully tried; therefore, we should grant him a new trial in the interest of justice. All of these arguments, however, fail to show that Brantley is entitled to postconviction relief.

*I. Newly discovered evidence*

¶12     Brantley first argues that the jury did not hear certain evidence challenging the testimony of the State's firearms and toolmark expert as "junk science" and did not hear testimony from Powell regarding statements indicating Brantley's dislike for Horak and Tibbs. Brantley asserts this evidence satisfies the newly discovered evidence standard. We disagree.

¶13     "In order to set aside a judgment of conviction based on newly-discovered evidence, the newly-discovered evidence must be sufficient to establish that a defendant's conviction was a 'manifest injustice.'" ***State v. Plude***, 2008 WI 58, ¶32, 310 Wis. 2d 28, 750 N.W.2d 42 (citation omitted). A postconviction motion must establish by clear and convincing evidence that: "(1) the evidence was discovered after conviction; (2) the defendant was not negligent in seeking evidence; (3) the evidence is material to an issue in the case; and (4) the evidence is not merely cumulative." ***Love***, 284 Wis. 2d 111, ¶43 (citation omitted). If these factors are proven, the trial court must then determine "'whether a reasonable probability exists that a different result would be reached in a trial.'" ***Id.***, ¶44 (citation omitted). We review the court's decision to grant or deny a motion for a new trial based on newly discovered evidence under the erroneous exercise of discretion standard. *See* ***Plude***, 310 Wis. 2d 28, ¶31.

¶14     Based on our review of the record, we conclude that the trial court properly denied Brantley's motion summarily and without a hearing because the evidence he presented in support failed to prove a manifest injustice. The "new" evidence offered by Brantley—expert testimony challenging the opinion of the State's firearms and toolmark expert, and the hearsay testimony of Powell—failed to satisfy any of the criteria for granting a new trial. Brantley failed to prove by

clear and convincing evidence that this was "new" evidence, that he was not negligent in failing to discover it before trial, that it was not merely cumulative to evidence introduced at trial, or that it was material to any issue in dispute. Brantley also failed to prove a reasonable probability of a different outcome had the toolmark expert's opinion testimony been altered somewhat or had Powell's hearsay testimony been received. Therefore, we conclude that the court did not erroneously exercise its discretion in denying Brantley's motion for a new trial without a hearing.

## II. *Ineffective assistance of counsel*

¶15    Brantley next argues that his appellate counsel provided ineffective assistance by failing to argue that trial counsel was ineffective. A criminal defendant must raise all available claims in the "original, supplemental or amended motion" for relief. *See* WIS. STAT. § 974.06(4); ***State v. Escalona-Naranjo***, 185 Wis. 2d 168, 181, 517 N.W.2d 157 (1994). Serial postconviction proceedings are procedurally barred unless the defendant offers a sufficient reason why the claims presented in the latter proceedings were not previously raised in a prior postconviction motion or appeal. *See* ***State v. Romero-Georgana***, 2014 WI 83, ¶35, 360 Wis. 2d 522, 849 N.W.2d 668. Whether a person has alleged a sufficient reason to avoid the procedural bar imposed by § 974.06 is a question of law that we review de novo. *See* ***State v. Kletzien***, 2011 WI App 22, ¶16, 331 Wis. 2d 640, 794 N.W.2d 920.

¶16    We conclude that Brantley's postconviction motion failed to sufficiently allege deficient performance and prejudice. It failed to allege with specificity why trial counsel was ineffective: (1) for strategically deciding not to cross-examine Horak and Tibbs about a statement Horak supposedly made to a

7

cellmate exculpating Brantley; (2) for strategically deciding against calling Powell to provide hearsay testimony that Brantley did not like his accomplices; and (3) in how he challenged the opinion testimony of the State's firearms and toolmark expert during the trial.

¶17 We further conclude that Brantley failed to sufficiently allege postconviction counsel was ineffective because these challenges to trial counsel's performance, whether viewed individually or cumulatively, were not clearly stronger than the challenges counsel raised on direct review. *See **Romero-Georgana***, 360 Wis. 2d 522, ¶35. We concluded above that the trial court did not err in deciding that Brantley's proffered newly discovered evidence regarding the firearms and toolmark evidence and Powell's testimony regarding his dislike of Horak and Tibbs did not entitle him to an evidentiary hearing or a new trial. In contrast, the trial court held an evidentiary hearing on Brantley's earlier postconviction motion regarding police and prosecutorial misconduct. Therefore, we conclude that Brantley's new claims are not clearly stronger than the claims presented in his previous postconviction motion. Accordingly, Brantley's claim of ineffective assistance of counsel claim is procedurally barred. *See **Escalona-Naranjo***, 185 Wis. 2d at 186.

### III. *New trial in the interests of justice*

¶18 We finally turn to Brantley's claim for a new trial in the interest of justice pursuant to WIS. STAT. § 752.35. This court may order a new trial under that statute when the real controversy has not been fully tried or when it is probable that justice has miscarried. *See **id.*** However, "[t]he power to grant a new trial in the interest of justice is to be exercised 'infrequently and judiciously.'" ***State v. Avery***, 2013 WI 13, ¶38, 345 Wis. 2d 407, 826 N.W.2d 60 (citation

omitted). We deem that the real controversy in this case has been fully tried, and that there is no evidence of a miscarriage of justice. Accordingly, we reject Brantley's suggestion that this is the rare case requiring a new trial in the interest of justice.

## CONCLUSION

¶19 Brantley has failed to show that he is entitled to postconviction relief on the basis of newly discovered evidence or ineffective assistance of counsel. Therefore, we affirm the postconviction orders denying him a new trial or evidentiary hearing. Further, we decline Brantley's request for a new trial in the interest of justice.

*By the Court*.—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.