COURT OF APPEALS
DECISION
DATED AND FILED

July 23, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP1941-CR**

Cir. Ct. No. **2015CF3675**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

ROBERT C. MCMATH,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Milwaukee County: CAROLINA M. STARK and J.D. WATTS, Judges. *Affirmed.*

Before White, C.J., Geenen and Colón, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Robert C. McMath appeals from a judgment of conviction for multiple counts related to child trafficking and an order of the circuit court denying his motion for postconviction relief. Specifically, McMath argues that the circuit court erred in denying his postconviction discovery motion and that he was entitled to a ***Machner***[1] hearing on his claim of ineffective assistance of trial counsel. We disagree with McMath and affirm.

## BACKGROUND

¶2 After a seven-day trial, a jury convicted McMath of three counts of trafficking a child and three counts of soliciting a child for prostitution for trafficking two juvenile victims, D.M.J. and K.K.Y., at various locations around Milwaukee during the spring and summer of 2015. The jury acquitted McMath of one count of second-degree sexual assault of a child based on K.K.Y.'s report that she had oral sex with McMath in his apartment in August of 2015. Both victims were young runaways who McMath contacted after they left their group homes. On May 7, 2015, D.M.J. was arrested with her sister, McMath, and a friend of McMath's during a traffic stop. K.K.Y. subsequently identified McMath from a booking photograph as the person trafficking her.

¶3 In addition to the victims' and investigating officers' testimony, the State introduced text data from D.M.J.'s cell phone corroborating her testimony that she was being trafficked by McMath in the locations indicated in the complaint in early May 2015. This data could not corroborate her testimony related to charges for earlier portions of 2015; D.M.J. testified that her cell phone

---

[1] ***State v. Machner***, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

was new, and her previous phone was stolen by McMath shortly before they were arrested. The jury convicted McMath of the trafficking and soliciting charges, and acquitted him on the second-degree sexual assault charge. The circuit court sentenced McMath to a total sentence of twenty-nine years initial confinement and ten years of extended supervision.[2]

¶4 McMath filed a postconviction motion seeking postconviction discovery and alleging that trial counsel was ineffective. His discovery motion sought the victims' juvenile court and mental health records in addition to D.M.J.'s sister's contact information and cell phone records. He alleged that trial counsel was ineffective for failing to: (1) retain a cell phone expert; (2) file a *Bellows*[3] motion seeking any juvenile court records the victims may have; (3) file a *Shiffra*/*Green*[4] motion seeking inspection of any mental health care records the victims may have; (4) present a psychologist to opine on whether the victims might be "transferring" responsibility for their trafficking onto McMath; (5) file a *Denny*[5] motion to argue that the victims were trafficked by others; and (6) call several additional witnesses. The circuit court denied the motion without a

---

[2] McMath filed a motion seeking postconviction discovery and *in camera* review of any juvenile court records and mental health counseling records for both victims. The circuit court denied the motion without prejudice because McMath did not develop a claim for postconviction relief.

[3] *State v. Bellows*, 218 Wis. 2d 614, 582 N.W.2d 53 (Ct. App. 1998).

[4] *State v. Green*, 2002 WI 68, 253 Wis. 2d 356, 646 N.W.2d 298; *State v. Shiffra*, 175 Wis. 2d 600, 499 N.W.2d 719 (Ct. App. 1993). Both *Shiffra* and *Green* were overruled by *State v. Johnson*, 2023 WI 39, 407 Wis. 2d 195, 990 N.W.2d 174; we discuss this in further detail below.

[5] *State v. Denny*, 120 Wis. 2d 614, 357 N.W.2d 12 (Ct. App. 1984).

hearing on the grounds that it was insufficiently pleaded and provided no legally supported argument for the claims.

¶5    McMath appeals.

## DISCUSSION

### I.    The circuit court properly denied McMath's postconviction discovery motion without a hearing.

¶6    McMath's first argument on appeal is that the circuit court erred in denying his discovery motion without a hearing. "[A] defendant has a right to post-conviction discovery when the sought-after evidence is relevant to an issue of consequence." *State v. O'Brien*, 223 Wis. 2d 303, 321, 588 N.W.2d 8 (1999). Evidence is consequential "'only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *Id.* at 320-21 (citation omitted). "A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *Id.* at 321 (citation omitted). "The mere possibility that an item of undisclosed information might have helped the defense ... does not establish '[a consequential fact]' in the constitutional sense." *Id.* (quoting *United States v. Agurs*, 427 U.S. 97, 109-10 (1976)) (alterations in *O'Brien*).

¶7    "A defendant is not automatically entitled to a hearing on a postconviction motion." *State v. Ziebart*, 2003 WI App 258, ¶33, 268 Wis. 2d 468, 673 N.W.2d 369. If a defendant fails to allege sufficient facts, presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the circuit court has discretion to deny the postconviction motion without a hearing. *Id.* Whether the defendant met their pleading burden and whether the record conclusively demonstrates that the

defendant is not entitled to relief are questions of law that we review independently. *Id.*

### a. Contact information and cell phone records for D.M.J.'s sister[6]

¶8 McMath's first discovery claim is that he was entitled to contact information and cell phone records for D.M.J.'s sister and that this evidence was consequential. We disagree. McMath made no showing that the State has any records at all related to D.M.J.'s sister, and his allegation that this evidence is consequential is nothing but a bare assertion that McMath is "entitled to know who [D.M.J.'s] sister supports and find[s] it highly suspect that [the State has] not provided any interview transcripts of her on this matter." We agree with the circuit court that this is not sufficient to entitle McMath to a hearing.

### b. Access to victims' juvenile court records under *Bellows*[7]

¶9 McMath's next discovery argument is that he was entitled to an *in camera* review of the child victims' juvenile court records to determine if he was

---

[6] The State suggests in a footnote that it appears McMath forfeited this issue. Given the fact that the circuit court addressed the issue and the record is ambiguous with respect to when McMath requested these records, we will not treat the issue as forfeited. *See State v. Washington*, 2018 WI 3, ¶31 n.11, 379 Wis. 2d 58, 905 N.W.2d 380.

[7] The State raises the issue of where McMath should have directed his *Bellows* motion: the postconviction court or the juvenile court. *Compare State v. Kletzien*, 2011 WI App 22, ¶11, 331 Wis. 2d 640, 794 N.W.2d 920 (holding that postconviction discovery motions are not independent from other postconviction motions and that "defendants bringing postconviction discovery motions must ... include all bases for appeal when filing such motions"), *with Bellows*, 218 Wis. 2d at 629 (holding that when a party seeks to use a confidential juvenile record in a different court proceeding, that party must first obtain an order of the juvenile court ordering the records released). The State does not take a position on the issue, and McMath did not respond to it or argue that he was entitled to have the juvenile court resolve his motion. We therefore do not address the issue further.

entitled to use information found therein in his defense. In *State v. Bellows*, 218 Wis. 2d 614, 630, 582 N.W.2d 53 (Ct. App. 1998), we stated that a defendant must provide the following to allow access to juvenile court records:

> (1) the type of information being sought; (2) the basis for the belief that the information is in the juvenile records; (3) the relevance of the information to the cause of action; (4) the probable admissibility of the information as evidence; (5) the efforts that have been made to obtain the information from other sources; and (6) any hardship to the requesting individual should the discovery order not issue.

¶10    McMath's motion falls far short of satisfying *Bellows*. Requesting "all information on both girls" does not identify the type of information being sought, and McMath presented nothing to suggest that K.K.Y. even has any juvenile court records. To the extent one could read McMath's motion as identifying impeachment evidence related to truthfulness as the information being sought, McMath provided no basis for believing that the juvenile records would contain that information. Moreover, McMath provided nothing but conclusory statements with respect to probable admissibility, efforts to obtain the records from other sources, and hardship. We agree with the circuit court that McMath failed to meet his pleading burden.[8]

---

[8] We agree with the State that McMath's reliance on *Davis v. Alaska*, 415 U.S. 308 (1974) is inapposite. The *Bellows* procedure ensures that a criminal defendant shows an actual need for confidential juvenile court records before they will be released. It is a pleading threshold, not an evidentiary exclusion. Unlike in *Davis* where a key prosecution witness's adjudication as a juvenile delinquent was precluded from being introduced at trial to impeach him, had McMath met his pleading burden, he would have been entitled to *in camera* review of the records, and had the court found any relevant impeachment material, that material would have been released to McMath to use as he saw fit.

### c. *In camera* review of victims' confidential psychological records under *Shiffra/Green*

¶11     McMath's final discovery argument is that he was entitled to an *in camera* inspection of confidential juvenile records under *State v. Shiffra*, 175 Wis. 2d 600, 604-05, 499 N.W.2d 719 (Ct. App. 1993) and *State v. Green*, 2002 WI 68, ¶34, 253 Wis. 2d 356, 646 N.W.2d 298.  On May 16, 2023, the Wisconsin Supreme Court overruled *Shiffra* and all cases following it to the extent that they allowed for *in camera* inspection of a victim's privileged records that are not in the State's possession.  *State v. Johnson*, 2023 WI 39, ¶¶23-46, 407 Wis. 2d 195, 990 N.W.2d 174.  This constitutes "a new rule for the conduct of criminal prosecutions" and therefore "is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past."  *State v. Koch*, 175 Wis. 2d 684, 694, 499 N.W.2d 152 (1993) (quoting and adopting *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987) as the Wisconsin rule of retroactivity in criminal procedure).  McMath does not address *Johnson* or its retroactive application to his case.  We construe McMath's failure to respond as a concession, *United Coop. v. Frontier FS Coop.*, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578, and we independently agree that *Johnson* applies retroactively, thus dooming McMath's claim.

### II.     The circuit court properly denied McMath's postconviction claims of ineffective assistance of counsel without a hearing.

¶12     McMath's second argument on appeal is that he received ineffective assistance of counsel because counsel failed to: (1) retain a cell phone expert; (2) present a psychologist to opine on whether the victims might be "transferring" responsibility for their trafficking onto McMath; (3) file a *Denny* motion to argue

that the victims were trafficked by others; and (4) call several additional witnesses.[9]

¶13 "Wisconsin criminal defendants are guaranteed the right to the effective assistance of counsel through the Sixth and Fourteenth Amendments to the federal constitution and Article I, Section 7 of the Wisconsin Constitution." *State v. Domke*, 2011 WI 95, ¶34, 337 Wis. 2d 268, 805 N.W.2d 364. Ineffective assistance claims are evaluated using the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prevail under *Strickland*, a defendant must prove that his counsel's performance was both deficient and prejudicial. *Id.*

¶14 "To prove deficient performance, a defendant must show specific acts or omissions of counsel that are 'outside the wide range of professionally competent assistance.'" *State v. Arredondo*, 2004 WI App 7, ¶24, 269 Wis. 2d 369, 674 N.W.2d 647 (citation omitted). "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.*

¶15 To prove prejudice, the defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the

---

[9] McMath also argues that counsel was ineffective for failing to file a *Shiffra*/*Green* motion, but as we explained, those cases were overruled, and "[c]ounsel does not perform deficiently by failing to bring a meritless motion." *State v. Sanders*, 2018 WI 51, ¶29, 381 Wis. 2d 522, 912 N.W.2d 16.

proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* In order to satisfy this prong, the defendant must allege more than "that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. "[R]ank speculation" is insufficient. *State v. Erickson*, 227 Wis. 2d 758, 774, 596 N.W.2d 749 (1999).

¶16    "When a circuit court summarily denies a postconviction motion alleging ineffective assistance of counsel without holding a *Machner* hearing, the issue for the court of appeals ... is whether the defendant's motion alleged sufficient facts entitling [the defendant] to a hearing." *State v. Sholar*, 2018 WI 53, ¶51, 381 Wis. 2d 560, 912 N.W.2d 89. However, even if a motion alleges sufficient facts, "an evidentiary hearing is not mandatory if a defendant's motion presents only conclusory allegations or if the record as a whole conclusively demonstrates that the defendant is not entitled to relief." *State v. Ruffin*, 2022 WI 34, ¶38, 401 Wis. 2d 619, 974 N.W.2d 432.

### a.  Failure to retain a cell phone expert

¶17    McMath argues that trial counsel was ineffective for failing to hire a cell phone expert to point out flaws in the State's analysis of cell phone data collected from D.M.J.'s and McMath's cell phones. Even assuming that trial counsel was deficient for failing to hire a cell phone expert or more thoroughly cross-examine the State's witness regarding his analysis of the cell phone data, McMath presents only conclusory allegations with respect to prejudice. Although his brief on appeal substantially expands on this claim, his actual motion is bereft of any facts explaining why trial counsel's failure to retain a cell phone expert caused prejudice. We review "only the allegations contained in the four corners of

[the] postconviction motion, and not any additional allegations that are contained in [the appellant's] brief." ***State v. Allen***, 2004 WI 106, ¶27, 274 Wis. 2d 568, 682 N.W.2d 433. On the issue of prejudice, McMath's motion states only that "[f]ailure by trial counsel to point out [the witness's] errors was detrimental to Mr. McMath's defense." This is insufficient to meet McMath's pleading burden, and therefore, this claim fails.

### b. Failure to present psychologist testimony involving victims' sexual history

¶18 McMath also claims that trial counsel was ineffective for failing to present a psychologist to testify about the victims' sexual histories at trial. McMath claims that a psychologist could have opined about whether the victims' histories could have impacted their truthfulness about the trafficking allegations, or whether they "transferred" the responsibility for their trafficking to McMath after being trafficked by someone else.

¶19 "Wisconsin's rape shield law, WIS. STAT. § 972.11(2), generally prohibits a defendant like [McMath] from introducing evidence concerning the alleged victim's prior sexual conduct." ***State v. Carter***, 2010 WI 40, ¶39, 324 Wis. 2d 640, 782 N.W.2d 695 (footnote omitted). "Our legislature enacted the rape shield law 'to counteract outdated beliefs that a complainant's sexual past could shed light on the truthfulness of the sexual assault allegations.'" ***Id.*** (citation omitted).

¶20 However, in ***State v. Pulizzano***, 155 Wis. 2d 633, 456 N.W.2d 325 (1990), the Wisconsin Supreme Court carved out a narrow exception for situations where a young child's previous sexual experience "may be relevant to the defendant's case because it could provide an alternative source for the child's

detailed sexual knowledge." *Carter*, 324 Wis. 2d 640, ¶41. *Pulizzano* set forth a five-factor test that a defendant must satisfy "in order 'to present otherwise excluded evidence of a child complainant's prior sexual conduct for the limited purpose of proving an alternative source for sexual knowledge[.]'" *Carter*, 324 Wis. 2d 640, ¶42 (quoting *Pulizzano*, 155 Wis. 2d at 656). The defendant must show: (1) that the prior acts clearly happened; (2) that the acts closely resembled those of the instant case; (3) that the prior act is clearly relevant to a material issue; (4) that the evidence is necessary to the defendant's case; and (5) that the probative value of the evidence outweighs its prejudicial effect. *Carter*, 324 Wis. 2d 640, ¶42.

¶21 McMath's motion fails to sufficiently allege several of these necessary showings. There is no attempt to either establish that any particular acts clearly occurred or that they closely resemble those of the present case, except to say that two other men were charged with trafficking K.K.Y. at around the same time as McMath. McMath's motion makes no effort to explain why this evidence was necessary to his case, and it engages in no analysis nor does it contain even a passing comment on the issue of probative value versus prejudicial effect. We agree with the circuit court that McMath failed to meet his pleading burden.

### c. Failure to file a *Denny* motion

¶22 McMath's next ineffective assistance of counsel argument is that trial counsel was deficient for failing to file a *Denny* motion to pursue a third-party-perpetrator defense. In order to present such a defense, a defendant must meet one of two tests depending on whether the identity of the possible third-party perpetrator is known or unknown.

¶23    To allege that a known third person committed the crime, the defendant must show that there is a legitimate tendency that the third person was the actual perpetrator. *State v. Denny*, 120 Wis. 2d 614, 623-25, 357 N.W.2d 12 (Ct. App. 1984). This requires a three-pronged showing that: (1) the person has a motive to have committed the crime; (2) the person had an opportunity to have committed the crime; and (3) there is some evidence directly connecting the person to the crime. *Id.* at 624-25.

¶24    Alternatively, to admit other-acts evidence suggesting that an unknown third person may have committed the offense due to another crime's similarity with the offense charged (and thus suggest identity of the perpetrator as someone else), the defendant must meet the three-part test for the admissibility of other-acts evidence set forth in *State v. Sullivan*, 216 Wis. 2d 768, 576 N.W.2d 30 (1998). *State v. Scheidell*, 227 Wis. 2d 285, 297-98, 595 N.W.2d 661 (1999). This requires that the evidence: (1) be offered to prove identity; (2) is relevant; and (3) the probative value of the other-acts evidence is not "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or [the] other considerations contained in WIS. STAT. § (RULE) 904.03." *Scheidell*, 227 Wis. 2d at 298, 305.

¶25    At no point in McMath's motion does he meaningfully discuss any of the *Denny* criteria, and he does not engage in an "other-acts" analysis under *Sullivan* at all. It does not appear that McMath knows the identity of the alleged third-party perpetrator because his speculative allegations shift between several individuals, including a parent of one of the victims, two individuals charged in a separate case for trafficking K.K.Y., and a fourth individual referred to in text messages. McMath does not allege sufficient facts to satisfy *Denny* with respect to any of these individuals, and McMath failed entirely to engage with *Sullivan*.

12

Additionally, McMath does not appear to argue that someone else committed the trafficking acts with which he is charged, but rather, his argument appears to be a version of his "transference" argument related to his **Pulizzano** motion. Nowhere does McMath engage with whether a third party committed the specific acts of trafficking that he is accused of committing. Finally, McMath failed to allege any facts demonstrating that trial counsel's failure to pursue a **Denny** motion prejudiced his defense, citing **Davis v. Alaska**, 415 U.S. 308 (1974), for his apparent belief that he is not required to allege prejudice. He is required to allege prejudice and he failed to do so. For all these reasons, McMath failed to meet his pleading burden regarding a **Denny** motion.

### d. Failure to call additional witnesses

¶26    McMath's final claim is that trial counsel was ineffective for failing to call five witnesses in his defense. In addition to failing to meet his pleading burden on the issue of prejudice, the record also conclusively demonstrates that McMath is not entitled to relief.

¶27    The first witness, McMath's cousin Cornelius Parrow, would have testified that McMath frequently "hung out" at his house, and that would explain certain cell phone tower data relied upon by the State. The second, McMath's employer Richard Grimord, would have testified that McMath worked approximately 218 hours between March 22 and May 3, 2015, apparently supporting the argument that McMath was too busy at work to traffic the victims. The third, McMath's friend Corey Patterson, would have testified that he, McMath, D.M.J., and D.M.J.'s sister were on their way to "hang out at [Parrow's] place" rather than on their way to traffic the victims when the four were stopped by police. The fourth, McMath's former landlord Gregory Goner, would have

testified that he gave McMath the keys to his apartment "on or around August 4, 2015." The fifth, D.M.J.'s sister, would have explained "her side of what transpired when four were in car May 7, 2015."

¶28 None of these witnesses, either individually or collectively, would have undermined confidence in the outcome of the trial. The anticipated testimonies of many of these witnesses are not in any way inconsistent with McMath trafficking the victims as they described. Patterson's testimony that he, D.M.J., D.M.J.'s sister, and McMath were going to Parrow's house when they were stopped by police could not reasonably have changed the outcome of the trial given that stating otherwise would incriminate Patterson. Goner's testimony that he gave McMath the keys to his apartment "on or around August 4, 2015," is not inconsistent with K.K.Y.'s allegation that McMath sexually assaulted her at his apartment on or around August 2, 2015, and trafficked her on the first or second of August 2015. All of these dates are reasonably "around" August 4, 2015, and in any event, the only fact that this testimony could directly disprove is K.K.Y.'s memory of the exact dates of the trafficking. We agree with the circuit court that trial counsel was not ineffective for failing to call the witnesses McMath identifies in his motion.

## CONCLUSION

¶29 For the reasons set forth above, the circuit court properly denied McMath's postconviction discovery motion and the motion for postconviction relief without a hearing. We therefore affirm the judgment of conviction and the order of the circuit court denying McMath's postconviction motions.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.